**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| **DONTE LOVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:05-CV-399 |
| ) | (Phillips) |
| **GUBMK CONSTRUCTORS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Defendant GUBMK has moved to strike portions of the affidavit of plaintiff submitted in response to GUBMK's motion for summary judgment, as follows:

1. Defendant avers that plaintiff's affidavit states that "when he was called back to work by GUBMK in October 2004, I had not placed my name on the union referral list . . . ." Defendant points out that plaintiff's signature appears on the referral list on September 29, 2004, refuting his sworn allegation.

Defendant is correct that Donte Love's signature appears on the referral list dated September 29, 2004 . Accordingly, this statement will be stricken from his affidavit.

2. Defendants object to statements contained in paragraphs 11 and 15 of plaintiff's affidavit in which he states that, " Don Peltz approached me and told me that

Cecil told him that he was going to have to write him up for being late the week prior because he had to write me up and he didn't want to look like he was picking on me." Defendants aver that Don Peltz's statement is hearsay because the content of the alleged statement does not concern a matter within the scope of any agency relationship with GUBMK.

Plaintiff admits that Don Peltz's statement to him may not be admissible under F.R.E. 802. However, on the day he was laid off, plaintiff relayed the statement to Joey Hunt, the project superintendent, who admitted telling McCarty to write up Peltz too, because after the incident of the racial remark, "if everyone wanted to go by the rules, we'd go by the rules." Accordingly, Peltz's alleged statement will be stricken from Love's affidavit, but defendant's objection to Hunt's statement will be overruled, as Hunt was a supervisor of defendant and his statements are deemed admissions by the employer GUBMK.

3. Next, defendant objects to the unverified transcriptions of taped conversations plaintiff had with GUBMK employees. Plaintiff responds that he has now had the tapes transcribed by Barbara Maples of Brown & Wingo Court Reporting, and has submitted the certified transcription in response to defendant's motion for summary judgment. Therefore, defendant's objection will be overruled.

Accordingly, defendant's motion to strike [Doc. 32] is **GRANTED IN PART AND DENIED IN PART** as set out above.

**ENTER:**

      s/ Thomas W. Phillips
    United States District Judge